**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
LAMONT OLIVER,

       Petitioner,

  -against-

UNITED STATES OF AMERICA,

       Respondent.

-------------------------------------------------------------x

18-CV-10239 (PGG) (OTW)
Related case: 15-CR-0332 (PGG)

**REPORT & RECOMMENDATION**

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Paul G. Gardephe, United States District Judge:**

I. **Introduction**

Petitioner, who appears *pro se*, is currently incarcerated in the Allenwood Medium Federal Correctional Institution, in White Deer, Pennsylvania. He brings a motion under 28 U.S.C. § 2255, challenging the sentence imposed on him by this Court in *United States v. Oliver*, No. 15-CR-0332 (PGG).

In a judgment issued on March 15, 2017, and entered the next day, the Court convicted Petitioner, upon a plea of guilty, of one count of distributing and possessing with intent to distribute heroin, under 21 U.S.C. § 841(b)(1)(B). *United States v. Oliver*, 15-CR-0332 (PGG), (ECF No. 48). The Court sentenced Petitioner to a 7-year prison term, to be followed by a 4-year supervised release term. (*Id.*). Petitioner filed this appeal on October 29, 2018.

For the following reasons, I recommend that the motion be denied as time-barred.

1

**II.     Discussion**

This § 2255 motion is time-barred. A federal criminal defendant seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Petitioner's judgment of conviction became final on March 30, 2017, following the expiration of the 14-day period to file a timely notice of appeal after entry of the judgment of conviction. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Thus, under 28 U.S.C § 2255(f)(1), Petitioner had one year from that date, or until March 30, 2018, to file a timely § 2255 motion. He did not place his § 2255 motion into his prison's mail system for its delivery to this Court until October 15, 2018. (ECF No. 1, at 13).[1]

In a prior Order, Judge Gardephe noted that Petitioner's claim was likely time-barred, but allowed Petitioner to show cause why his § 2255 motion should not be denied as time-barred. (ECF No. 3, at 1). In doing so, Judge Gardephe noted that Petitioner had asserted that this § 2255 motion is timely under § 2255(f)(4), which provides that "the one-year statute of limitations begins to run 'when a duly diligent person in [a § 2255 petitioner's] circumstances would have discovered' the facts supporting a particular claim." *Ellis v. United States*, 806 F.

---

[1] This Report refers to 18-CV-10239, unless otherwise noted.

2

Supp. 2d 538, 545 (E.D.N.Y. 2011) (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). Accordingly, Judge Gardephe ordered the following:

> [T]he Court directs [Petitioner] to show cause within sixty days why his § 2255 motion should not be denied as time-barred. If [Petitioner] asks the Court to measure the applicable one-year limitations period under § 2255(f)(4), he should indicate the date on which he became aware of the facts supporting his claims. In addition, [Petitioner] should include any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

(ECF No. 3, at 3-4). Thus, to show that he is entitled to equitable tolling, Petitioner "must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010).

In response to the Order to Show Cause, Petitioner filed a declaration stating the applicable one-year limitations period should be measured under § 2255(f)(4). (ECF No. 5; ECF No. 6). He states that his motion should not be dismissed "because I am proceeding pro se and am a layman at law. My motion was filed outside of the one year statuatory [sic] limitation because I have just recently discovered through DUE Diligence the facts supporting my claim." (ECF No. 6, at 1). Petitioner goes on to explain that he believes that the Pre-Sentence Report relied on by the Court at sentencing incorrectly calculated his criminal history score of 11 and that his counsel was ineffective for "allowing him to enter into" a stipulated plea agreement with a criminal history score of 5. (ECF No. 6, at 2).

Petitioner has failed to establish his entitlement to equitable tolling. First, Petitioner failed to identify when he became aware of his claims or include any facts showing that he had

3

been pursuing his rights diligently. (*See* ECF No. 6, at 1). Moreover, Petitioner has not provided any facts that give rise to extraordinary circumstances. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (rare and exceptional circumstances may allow a court to consider an otherwise time-barred petition under the doctrine of equitable tolling).

Neither Petitioner's *pro se* status nor his asserted ignorance of the law warrant a finding of extraordinary circumstances. *See Smith*, 208 F.3d at 17-18 (*pro se* status does not merit equitable tolling); *Wong v. Healthfirst, Inc.*, No. 04-CV-10061 (DAB), 2006 WL 2457944, at *2 (S.D.N.Y. Aug. 23, 2006) ("[m]ere ignorance of the law does not warrant equitable tolling of a statute of limitations."); *see also Carbone v. Cunningham*, No. 06-CV-5710 (JGK), 2007 WL 4205821, at *3 (S.D.N.Y. Nov. 28, 2007) ("[A] pro se petitioner's ignorance of the law has been held insufficient to create the extraordinary circumstances required for equitable tolling of AEDPA.") (citing *Williams v. Breslin*, No. 03-CV-1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (finding that a lack of legal knowledge cannot excuse delay in filing a post-conviction petition) and *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (stating that ignorance of the law has been rejected by courts as an extraordinary circumstance for the purposes of equitable tolling of AEDPA)).[2]

---

[2] Even if Petitioner's motion were timely, it appears to be without merit. Petitioner apparently takes issue with the Court's finding that he had a criminal history score of 7. *See* ECF No. 6, at 2; Transcript in 15-CR-0332, ECF No. 49, at 5. Petitioner does not indicate what he contends is the correct criminal history category. Relying on a criminal history score of 7, the Court calculated Petitioner to have a criminal history category of IV, which, along with an offense level of 25, yielded a guidelines range of 84 to 105 months imprisonment. (Transcript in 15-CR-0332, ECF No. 49, at 7). Even if Petitioner's criminal history category were reduced to III (corresponding to a criminal history score of 4, 5 or 6), the guidelines range would still be 70-87 months. *See* United States Sentencing Commission, *Guidelines Manual*, §3E1.1, Ch. 5 Pt. A (Nov. 2016). Petitioner's sentence of 84 months, therefore, was not unconstitutional. *See Rita v. United States*, 551 U.S. 338, 388 (2007) (a federal appellate court may constitutionally apply presumption of reasonableness to district court sentence that is within the properly calculated Sentencing Guidelines range); *see also Beckles v. United States*, 137 S. Ct. 886, 886 (2017) (Sotomayor, J., concurring) (stating that the United States Sentencing Guidelines ensure uniformity and proportionality in sentencing) (citing *Rita v. United States*, 551 U.S. 338 (2007)).

### III. Conclusion

Accordingly, I respectfully recommend that the motion at ECF No. 1 be denied.

In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253. I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

### IV. Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to Judge Gardephe. Any requests for an extension of time for filing objections must be directed to Judge Gardephe.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner.

Respectfully submitted,

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: March 19, 2019
New York, New York