UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONT OLIVER,

               Petitioner,

- against -

UNITED STATES OF AMERICA,

               Respondent.

ORDER ADOPTING
REPORT & RECOMMENDATION

18 Civ. 10239 (PGG) (OTW)

15 Cr. 332 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Petitioner Lamont Oliver brings this action pursuant to 28 U.S.C. § 2255, asking the Court to vacate, set aside, or correct his sentence. (Pet. (Dkt. No. 1)) Magistrate Judge Ona T. Wang has issued a report and recommendation ("R&R") recommending that the Court deny Oliver's petition as time-barred. (Dkt. No. 7) For the reasons stated below, this Court will adopt the R&R in its entirety and deny the petition.

## BACKGROUND

### I. PROCEDURAL HISTORY

        On August 17, 2016, Oliver pled guilty before this Court to distributing and possessing with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. § 841(b)(l)(B). (No. 15 Cr. 322, Plea Tr. (Dkt. No. 35) at 5, 14-15) On February 28, 2017, this Court sentenced Oliver to 84 months' imprisonment. This sentence was within the applicable Sentencing Guidelines range of 84 to 105 months' imprisonment, and also within the 70 to 87 month range the parties stipulated to in the plea agreement. (No. 15 Cr. 322, Sentencing Tr. (Dkt. No. 49) at 2, 7, 15) Judgment was entered on March 16, 2017. (No. 15 Cr. 322, Judgment (Dkt. No. 48)) Oliver did not appeal.

On October 29, 2018, Oliver filed the instant petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Oliver argues that this Court erred in concluding that he falls within Criminal History Category IV,[1] and that as a result of this alleged error, this Court miscalculated the applicable Sentencing Guidelines range. (Pet. (Dkt. No. 1) at 4)

In a November 13, 2018 order, this Court directed Oliver to show cause why his petition should not be denied as time-barred. (Dkt. No. 3)

On December 28, 2018, this Court referred Oliver's petition to Magistrate Judge Wang for an R&R. (Dkt. No. 4)

On January 2, 2019, Oliver filed a document styled as a motion to amend. Oliver "contends that this entire Guidelines range [is improper], thus exposing him to a longer term of imprisonment." (Dkt. No. 5)

On January 3, 2019, Oliver filed a declaration asserting that he "just recently discovered through due diligence the facts supporting [his] claim." (Dkt. No. 6)

On March 19, 2019, Judge Wang issued an R&R recommending that Oliver's petition be denied as time-barred. (R&R (Dkt. No. 7) at 1, 5)

On April 2, 2019, Oliver filed objections to the R&R. (Dkt. No. 8)

On July 30, 2019, Oliver filed a motion requesting that this Court "issue an [o]rder requiring the Government to show cause as to why the [Petition] should not be granted." (Dkt. No. 9)

---

[1] Oliver's petition does not address what he regards as the correct Criminal History Category. In his objections, Oliver contends that he should have been assigned only three Criminal History points, which would correspond with Criminal History Category II. (Pet. Obj. (Dkt. No. 8) at 2)

## II. JUDGE WANG'S R&R

In her R&R, Judge Wang notes that a Section 2255 petition generally must be filed within one year of the "expiration of the 14-day period to file a timely notice of appeal after entry of the judgment of conviction." (R&R (Dkt. No. 7) at 2 (citing Fed. R. App. P. 4(b)(1)(A)(i)))  Given that Oliver's judgment of conviction was entered on March 16, 2017, the deadline for filing a timely Section 2255 petition was March 30, 2018.  Oliver's petition was not filed until October 15, 2018.  (Id.)

Judge Wang acknowledges that 28 U.S.C. § 2254(f)(4) alternatively "provides that 'the one-year statute of limitations begins to run "when a duly diligent person in [the petitioner's] circumstances would have discovered" the facts supporting a particular claim.'" (R&R (Dkt. No. 7) at 2-3 (quoting Ellis v. United States, 806 F. Supp. 2d 538, 545 (E.D.N.Y. 2011) (quoting Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000))))  Judge Wang found that Oliver had "failed to establish his entitlement to equitable tolling" because he (1) "failed to identify when he became aware of his claims or include any facts showing that he had been pursuing his rights diligently"; and (2) "had not provided any facts that give rise to extraordinary circumstances."  (Id. at 3-4)  Judge Wang also observes that "[n]either Oliver's pro se status nor his asserted ignorance of the law warrant a finding of extraordinary circumstances."  (Id. at 4 (citing Smith v. McGinnis, 208 F.3d 13, 17-18 (2d Cir. 2000)))

## III. OLIVER'S OBJECTIONS

Oliver makes four objections to the R&R.  (Pet. Obj. (Dkt. No. 8))  First, Oliver argues that Judge Wang erred in recommending denial of his petition "without conducting an evidentiary hearing and/or opening discovery."  (Id. at 1)  Second, Oliver argues that Judge Wang incorrectly "toll[ed] the one year limit to file from March 30, 2017," and thereby

3

"overlook[ed] the fact that [his] attorney was ineffective for failing to object at sentencing to the incorrect calculation of [his] Guideline[s] range, and for not filing a timely Notice of Appeal." (Id. at 2)  Third, Oliver argues that this Court "committed procedural error by miscalculating [his] [G]uideline[s] range," arguing that "his proper Criminal History Category is II, which corresponds to a Criminal History score of III."  (Id.)  Finally, Oliver argues that Judge Wang mischaracterized the nature of his claims.  (Id.)

## DISCUSSION

### I. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in Phillips).  "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d

444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same arguments set forth in the original petition.'") (citing Vega, 2002 WL 31174466, at *1; Greene v. WCI Holdings, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)).

For portions of the R&R to which no timely objection is made, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

## II. ANALYSIS

Only Oliver's second objection arguably addresses Judge Wang's dispositive conclusion that his petition is time-barred. Oliver claims that Judge Wang incorrectly "toll[ed] the one year limit to file from March 30, 2017," and thereby "overlook[ed] the fact that [his] attorney was ineffective for failing to object at sentencing to the incorrect calculation of [his] Guideline[s] range, and for not filing a timely Notice of Appeal." (Pet. Obj. (Dkt. No. 8) at 2)

Judge Wang correctly concluded that Oliver's petition is time-barred. A Section 2255 petition must be filed within one year of the "expiration of the 14-day period to file a timely notice of appeal after entry of the judgment of conviction." (R&R (Dkt. No. 7) at 2 (citing Fed. R. App. P. 4(b)(1)(A)(i)))  Here, the judgment of conviction was entered on March 16, 2017.  Accordingly, the deadline for a timely Section 2255 petition was March 30, 2018. Oliver did not file his petition until October 15, 2018.  (Id.)

Judge Wang also correctly concludes that Oliver has provided no basis for the application of equitable tolling pursuant to 28 U.S.C. § 2255(f)(4). (Id. at 3-4) While Oliver claims in his declaration that he "just recently discovered through due diligence the facts supporting [his] claim" regarding the alleged improper calculation of his Criminal History score, he does not address when he first began attempting to gather the alleged new "facts supporting [his] claim." (Pet. Decl. (Dkt. No. 6) at 1) Moreover, the documents Oliver attaches to his petition demonstrate that he requested records from the Ohio Court of Common Pleas on August 8, 2018 – more than four months after the one-year period had expired. (Pet. (Dkt. No. 1) at 20) Oliver does not claim that he made any effort – between the entry of his judgment of conviction and his August 8, 2018 letter to the Ohio Court of Common Pleas, to collect the alleged new information concerning his criminal history.[2]

Nor has Oliver explained how his lawyer's alleged ineffectiveness at sentencing is relevant to Oliver's apparent decision to wait sixteen months after sentencing to begin assembling documentation concerning his Ohio convictions. Given that Oliver was able to assemble the documentation and file the petition within three months of his August 8, 2018 letter to the Ohio court, a diligent person in his circumstances could have discovered the alleged new facts well before the deadline of March 30, 2018. Accordingly, there is no basis for the application of equitable tolling pursuant to 28 U.S.C. § 2255(f)(4).

Oliver's remaining objections are also unavailing.

---

[2] In the November 13, 2018 order to show cause, this Court invited Oliver to set forth his efforts to secure the alleged new facts prior to the expiration of the one-year period. (Nov. 13, 2018 Order (Dkt. No. 3)) Oliver has not suggested that he took any steps to secure the alleged new facts prior to the expiration of the one-year period.

6

No evidentiary hearing was necessary to resolve the question of whether the petition is time-barred. (Pet. Obj. (Dkt. No. 8) at 1) When ruling on a Section 2255 motion, the district court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Id. § 2255(b). "To warrant a hearing, the movant 'must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief.'" Mann v. United States, No. 15 Cr. 667-4, 2016 WL 5900174, at *7 (S.D.N.Y. Oct. 11, 2016) (quoting Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013)). Oliver has not set forth any "specific facts" suggesting that his petition is timely.

Oliver's third and fourth objections – that the Guidelines range applied by the Court was incorrect, and that Judge Wang mischaracterized his claims (Pet. Obj. (Dkt. No. 8) at 2) – both go to the merits of his petition. These objections are irrelevant to the issue of whether the petition is time-barred.

Accordingly, Oliver's objections are overruled.

\*     \*     \*     \*

This Court has reviewed the remainder of Judge Wang's R&R and finds it to be well-reasoned and free of error.

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety, and the petition is denied. Oliver's motions to amend and for an order to show cause are also denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 5, 9) and to close this case (18 Civ. 10239).

A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Where, as here,

"a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Oliver has made no such showing here, and accordingly a certificate of appealability will not issue.

      Copies mailed by Chambers.

Dated: New York, New York
      August 18, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge